UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

_____

| | |
|---|---|
| IN RE PRADAXA ) | MDL No. 2385 |
| (DABIGATRAN ETEXILATE) ) | 3:12-md-02385-DRH-SCW |
| PRODUCTS LIABILITY ) | Judge David R. Herndon |
| LITIGATION ) | |

_____

**This Document Relates to:**

*Janice Sanchez v. Boehringer Ingelheim*
*Pharmaceuticals Inc., et al.*
Civil Action No.: 3:13-cv-51380

*Paul Cox v. Boehringer Ingelheim*
*Pharmaceuticals Inc., et al.*
Civil Action No.: 3:14-cv-50439

## ORDER

**HERNDON, District Judge:**

This matter is before the Court on the defendants' motion, pursuant to the terms of the Pradaxa Product Liability Litigation Master Settlement Agreement ("MSA" or "Master Settlement Agreement"), to dismiss the above captioned cases with prejudice. The time for responding has passed and neither of the above captioned plaintiffs has filed a response. The Court deems the failure to respond to be an admission of the merits of the motion. SDIL-LR 7.1(c). For the reasons discussed below, the motions to dismiss are **GRANTED**.

On May 28, 2014, after an extensive mediation process, BIPI and the Pradaxa Claimants' Negotiating Counsel executed the MSA.[1] The negotiations that led to the MSA were vigorous, at arm's length, and in good faith. The MSA sets

---

[1] The Court and the parties have been provided with a copy of the MSA.

forth the timing and procedure for Pradaxa Claimants to opt-in to the voluntary settlement program. Specifically, each Pradaxa Claimant wishing to opt-in to the settlement was required to file an Opt-In Form, which was attached to the MSA as Exhibit 5. The Opt-In Form specifically provided that the election to opt-in to the settlement is irrevocable and that the Claimant is waiving all rights to pursue his or her claims in court. MSA Section 5.1

Under the MSA, each Participating Claimant was required to post to the Claims Administrator's secure portal a Claims Package Submission within thirty days of opting in to the settlement. MSA ¶ 7.1.[2] A Claim Package Submission is required to contain the following:

> 1. A Phase One Payment Application and, if applicable, a Phase Two Supplemental Payment Application
>
> 2. An executed Medical Records Authorization Form
>
> 3. An executed Release
>
> 4. An executed Stipulation of Dismissal
>
> 5. If applicable, a Death Certificate
>
> 6. Pharmacy and Medical Records evidencing Pradaxa use, a bleeding event or other injury, length of hospitalization, and any documentation in support of a Phase Two Supplemental Payment Application.

(MSA ¶ 7.1).

---

[2] The MSA provided that "each Participating Claimant shall submit to the Claims Administrator, and shall post on the secure portal described below in subparagraph 7.1(g), a 'Claim Package Submission,' containing [the specified] information and executed forms." MSA ¶ 7.1

The MSA also provides that the Claims Administrator – Brown Greer – is required to review the Claim Package Submissions and determine whether the documents support a compensable claim, and if so, which category. In both of the plaintiffs' cases, Brown Greer issued a Notice of Claims Administrator's Categorization of Phase One Claim, finding that the records that had been submitted failed to demonstrate that the plaintiff was using Pradaxa at the time of the alleged injury ("Notice of Non-Compensable Claim"). The Notices of Non-Compensable Claim advised plaintiffs that they had a right to appeal the decision to the Special Master, with instructions on how to do so. Plaintiff, Janice Sanchez, did not appeal. Plaintiff, Paul Cox, appealed to the Special Master, but the Special Master denied the appeal.

Paragraph 8.4 of the MSA governs appeals from the Claims Administrators' classification, and requires the appealing party to submit a Notice of Appeal to the Special Master, along with documentation supporting the appeal. The Special Master then is required to review the documents and issue an order. The MSA makes clear that appeal determinations by the Special Master are binding and final. MSA at ¶ 8.4.

The Court finds that the claims of both of the above captioned plaintiffs were fully adjudicated pursuant to the terms of the MSA. Moreover, both plaintiffs executed Opt-In Forms, which specifically stated that the plaintiffs "acknowledge and agree that [they are] waiving all rights to pursue [their] claims in court. Any further claims, appeals, or objections shall be resolved by the Special Master as

set forth in the Pradaxa Liability Litigation Master Settlement Agreement and Exhibits thereto, and such decisions shall be final and binding upon [them and their] counsel." Thus, the plaintiffs unequivocally waived their rights to pursue any claim in this Court by opting-in to the MSA.

Considering the above, the Court finds that the plaintiffs' claims are subject to dismissal with prejudice in accord with the terms of the MSA. Therefore the defendants' motion to dismiss with prejudice is **GRANTED**.

The Court **DISMISSES** the above captioned cases **WITH PREJUDICE** and **DIRECTS** the **CLERK OF THE COURT to ENTER JUDGMENT ACCORDINGLY**.

**IT IS SO ORDERED.**

Signed this 5th day of May, 2015.

Digitally signed by David R. Herndon
Date: 2015.05.05 15:02:35 -05'00'

United States District Court